UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DANIEL GEORGE TUCKER, )
)
        Plaintiff )
)
v. ) No. 2:16-cv-00301-JHR
)
NANCY A. BERRYHILL, )
*Acting Commissioner of Social Security*,[1] )
)
        Defendant )

*MEMORANDUM DECISION*[2]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of returning to his past relevant work as a salesperson. The plaintiff seeks remand on the bases that the administrative law judge erred in failing to recognize that the past relevant work at issue constituted a "composite job" and in failing to evaluate an opinion of treating nurse practitioner Shelley Moore-Littlefield, RN-FNP, in accordance with Social Security Ruling 06-03p ("SSR 06-03p"). *See* Plaintiff's Statement of Errors in Support of a Social Security Appeal ("Statement of

---

[1] Nancy A. Berryhill, who is now the Acting Commissioner of Social Security, is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 15, 2017, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 15.

Errors") (ECF No. 12) at 10-15.[3]  I find no reversible error and, accordingly, affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through March 31, 2017, Finding 1, Record at 19; that he had severe impairments of degenerative disc disease with a history of laminectomy in 2011, left elbow crepitus, and right hand injury, Finding 3, *id*. at 20; that he had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that, due to the combination of his impairments, he could only climb, balance, stoop, crouch, kneel, or crawl occasionally, could only occasionally finger or feel, and needed to avoid irregular terrain, Finding 5, *id*. at 21; that he was capable of performing past relevant work in sales, general merchandise, which sales work did not require the performance of work-related activities precluded by his RFC, Finding 6, *id*. at 25; and that he, therefore, had not been disabled from October 1, 2012, his alleged onset date of disability, through the date of the decision, February 21, 2015, Finding 7, *id*. at 26.  The Appeals Council declined to review the decision, *id*. at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

---

[3] I refer to the page numbers found at the bottom of the pages of the Statement of Errors.

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

### A. Failure To Recognize Composite Job

Relying on the testimony of a vocational expert at hearing, the administrative law judge found the plaintiff capable of returning to past relevant work as a salesperson, general merchandise, *Dictionary of Occupational Titles* ("DOT") § 279.357-054 (U.S. Dep't of Labor 4th Ed. 1991). *See* Record at 25, 56, 59. The plaintiff contends that in doing so, he erred in failing to recognize that this was a composite job. *See* Statement of Errors at 10-12.

As this court has explained:

> "[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT." Social Security Ruling 82-61, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-61"), at 838. "Such situations will be evaluated according to the particular facts of each individual case." *Id.*
>
> ∗∗∗
>
> "A claimant is not disabled at step four if the claimant can perform [her] past relevant work either as the claimant actually performed it or as generally performed in the national economy." *Malusa v. Astrue,* No. CV 07-655-TUC-CKJ (CRP), 2009 WL 2707219, at *14 (D. Ariz. Aug. 25, 2009) (citations and internal quotation marks omitted). That is true of composite jobs, as well, except that *each* job, within

3

> a composite job, must be taken into consideration. *See, e.g.,* SSR 82-61 at 838 (composite jobs must be "evaluated according to the particular facts of each individual case"). An administrative law judge may not deem a claimant capable of performing past relevant work by dividing the demands of a composite job into two separate jobs and finding him or her capable of performing the less demanding of the two jobs. *See, e.g., Roberts v. Astrue,* No. 8:08–CV–120–T–17EAJ, 2009 WL 722550, at *3 (M.D. Fla. Mar. 18, 2009) ("In deciding whether claimant can perform [her] past relevant work, an ALJ [administrative law judge] may not separate a composite job into two jobs and fail to focus on all the demands of the composite job."); *see also, e.g., Valencia v. Heckler,* 751 F.2d 1082, 1086 (9th Cir. 1985) ("Every occupation consists of a myriad of tasks, each involving different degrees of physical exertion. To classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act.").

*Gallant v. Astrue*, Civil No. 09-357-P-S, 2010 WL 2927263, at *5 (D. Me. July 20, 2010) (rec. dec., *aff'd* Aug. 10, 2010) (emphasis in original).

The plaintiff notes that he provided reports to the Social Security Administration indicating that he worked at Wal-Mart for almost eight years, from 1997 through 2005, as a "truck unloader," "sales associate," and "Dep[artment] Manager[,]" and testified at hearing that he worked at Wal-Mart as an overnight receiver unloading trucks, then worked "on the sales floor," before becoming "department manager." Statement of Errors at 10-11; Record at 55, 201, 221. Yet, he complains, at no point did the administrative law judge seek clarification as to the amount of time spent in each position, the skills acquired in each, how the work was actually or generally performed, or the overlapping duties of each. *See* Statement of Errors at 11.

He argues that the administrative law judge, thus, committed the reversible error of relying on the least demanding of the three composite positions without analyzing the demands of each and any overlap in responsibilities between them. *See id.* He asserts that, because a claimant is the "primary source" of evidence regarding past work, the administrative law judge "could have easily inquired about his past work or issued an interrogatory to him or his counsel asking [him]

4

to elaborate on the duties of each position, the overlapping nature of those duties," and so forth. *Id*. at 12 (citations omitted).

However, as the commissioner observes, *see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 14) at 8-9, this case is distinguishable from *Gallant* in that there is no evidence that the sales job was a composite job. In *Gallant*, the claimant testified that, "in performing the job of laundry worker, she not only bagged and handled clothing but also did cashiering[.]" *Gallant*, 2010 WL 2927263, at *5.

In this case, by contrast, the plaintiff indicated in a form that he "worked for Wal[-]Mart for 7 years, started as truck unloader, sales floor, Inventory control, Dept. manager." Record at 221. He added: "[A]s a truck unloader and Inventory control specialist I would move a lot of heavy inventory, less as a sales associate and Dept[.] manager." *Id*. This report most reasonably is read as indicating that he performed a series of separate jobs for Wal-Mart. To the extent there is doubt, when the administrative law judge inquired at hearing what the plaintiff did at Wal-Mart, he testified:

> I started out unloading trucks. I was an overnight receiver. . . . And then I moved to working on the sales floor. . . . Up to department manager.

*Id*. at 55.

The vocational expert present at the plaintiff's hearing then characterized his past relevant Wal-Mart work as comprising the separate jobs of department manager, DOT § 299.137-010, laborer, stores (mistakenly transcribed as "labor stores"), DOT § 922.687-058, and the job at issue, salesperson, general merchandise, DOT § 279.357-054. *Id*. at 56. The plaintiff, who was represented by counsel at hearing, *see id*. at 31, did not challenge these characterizations, *see id*. at 56-62. He argues that the administrative law judge was obliged to clarify the extent to which the duties of the three Wal-Mart jobs overlapped, *see* Statement of Errors at 12; however, as the

5

commissioner counters, *see* Opposition at 9, the claimant must "lay the foundation as to what activities h[is] former work entailed[,]" *Santiago v. Secretary of Health & Human Servs.*, 944 F.2d 1, 5 (1st Cir. 1991). *See also* 20 C.F.R. §§ 404.1565(b), 416.965(b) ("[W]e will ask you to tell us about all of the jobs you have had in the last 15 years. You must tell us the dates you worked, all of the duties you did, and any tools, machinery, and equipment you used."); SSR 82-62 at 811 ("The claimant is the primary source for vocational documentation[.]").[4]

The plaintiff argues, in the alternative, that the Step 4 finding cannot stand because there is insufficient evidence that he performed the salesperson job long enough and for sufficient compensation to constitute past relevant work. *See* Statement of Errors at 12-13. To be considered "past relevant work," a prior job must have been performed within the prior 15 years, lasted long enough for the claimant to learn how to do it, and have been performed at a substantial gainful level. 20 C.F.R. §§ 404.1565(a), 416.965(a).

The salesperson job has a specific vocational preparation ("SVP") level of 3, meaning that it takes "[o]ver 1 month up to and including 3 months" to acquire the skills needed to perform the job. DOT § 279.357-054.

As the commissioner observes, *see* Opposition at 10, in response to a similar challenge regarding a job with an SVP level of 3, this court held that, because the claimant bore the burden

---

[4] For the same reason that this case is distinguishable from *Gallant* – that the plaintiff set forth no evidence that he performed a composite job – it is also distinguishable from others cited by the plaintiff for the proposition that courts have remanded cases based on a failure to recognize that a claimant's past relevant work is a composite job, *see* Statement of Errors at 11-12; *Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (claimant testified that he worked not only as a construction superintendent but also performed manual labor); *Shealey v. Colvin*, Civil Action No. 8:13-2383-RMG-JDA, 2015 U.S. Dist. LEXIS 13288, at *31-*32 (D.S.C. Jan. 21, 2015) (rec. dec., *aff'd* Feb. 4, 2015) (vocational expert explained that, although claimant performed the job duties of an order clerk, she always performed them in conjunction with the duties of a material handler and/or a store's laborer); *Garcia v. Colvin*, No. 12 C 4191, 2013 WL 3321509, at *6 (N.D. Ill. June 28, 2013) (vocational expert testified that claimant's past work was a combination of inspector II position and machine packager position); *Lee v. Astrue*, No. C11-1995-JCC-JPD, 2012 WL 3637637, at *6 (W.D. Wash. July 26, 2012) (rec. dec., *aff'd* Aug. 23, 2012) (claimant testified that he worked not only as a warehouse supervisor but also performed manual labor); *Roberts*, 2009 WL 722550, at *3 (claimant testified that he worked simultaneously as a maintenance/security guard, and vocational expert testified it was "actually a double job.") (citation and internal quotation marks omitted).

of providing information regarding her past work, she was "not entitled to an inference that she required the full three months, rather than the minimum one month," to learn to do the SVP level 3 job at issue, *Proctor v. Barnhart*, No. 05-181-B-W, 2006 WL 2827662, at *3 (D. Me. Sept. 29, 2006) (rec. dec., *aff'd* Oct. 24, 2006).

Here, as in *Proctor*, "the plaintiff asks the court to draw an inference that is far from mandatory as to whether [he] was able to learn the job of [salesperson, general merchandise] during the span of time in which [he] performed it, when the actual evidence on that question was available only to [him]." *Id*.

As the commissioner argues, *see* Opposition at 10, one can draw a reasonable inference from the available evidence – the plaintiff's own testimony that he moved "up" from the sales floor to the job of department manager, *see* Record at 55 – that he remained in the salesperson position long enough to learn how to do it.

The plaintiff fares no better in his argument that there was insufficient evidence to find that he performed the job at a gainful level. He contends that the administrative law judge "had no basis upon which to attribute his earnings from Wal-Mart . . . to the purported 'sales, general merchandise' position, and therefore could not conclude that his earnings were sufficient to support a finding that his work rose to the presumptive level of substantial gainful activity . . . even if it was engaged in for a short time." Statement of Errors at 13 (citing Record at 191-92; 20 C.F.R. §§ 404.1574(b)(2)(ii)(B), 416.974(b)(2)(ii)(B)).

Yet, as the commissioner points out, *see* Opposition at 11, the plaintiff himself reported that he earned $15.15 per hour and worked eight hours per day, five days per week during his entire time at Wal-Mart, from November 1997 through February 27, 2005, *see* Record at 197, 221. This amounts to monthly earnings of approximately $2,424, well above the level required for

substantial gainful activity ("SGA") during the relevant period. *See* 20 C.F.R. §§ 404.1574(b)(2)(ii)(B) & Table 1, 416.974(b)(2)(ii)(B) & Table 1; Social Security Administration Programs Operation Manual System ("POMS") § DI 10501.015(B) ("Policy – Table 2 – Nonblind Individuals Only") (setting forth presumptive SGA average monthly earnings levels of $500 for the period from January 1990 through June 1999, $700 for the period from July 1999 through December 2000, $740 for 2001, $780 for 2002, $800 for 2003, $810 for 2004, and $830 for 2005).

Beyond that, as the commissioner indicates, *see* Opposition at 11, her own earnings query reveals that the plaintiff had yearly earnings ranging from $13,010.60 to $29,385.84 for the period from 1997 through 2005, *see* Record at 190. Even the lowest of those totals, $13,010.60, reflects earnings averaging $1,084.22 monthly, comfortably above the highest presumptive SGA level for the entire period, the 2005 SGA level of $830 monthly.

Remand is not warranted on the basis of this point of error.

### B. Handling of Treating Provider Opinion

The plaintiff also faults the administrative law judge's handling of an opinion of treating nurse practitioner Moore-Littlefield, which he asserts led to the material error of omission of the need for a sit-stand option. *See* Statement of Errors at 13-15.

In a letter to the plaintiff and his attorney dated December 31, 2013, Moore-Littlefield noted, in reference to an RFC questionnaire that the plaintiff had left at the clinic, that the plaintiff had undergone a functional evaluation in February 2013. *See* Record at 463. She proceeded to set forth the results of that functional evaluation, which was completed by physical therapist Jennifer Lynn Noftall on February 12, 2013, copies of which appear twice in the record. *See id.* at 388-90, 416-18, 463-64. The evaluation stated, in relevant part, that the plaintiff was limited to

standing/walking for less than two hours a day, with a need to alternate sitting and standing. *See id*. at 389, 417, 463.

Citing one of the copies of the Noftall evaluation and the Moore-Littlefield letter, both of which he referred to as Moore-Littlefield's "opinions," the administrative law judge gave them "little weight, as [they] appear to be based predominantly on the [plaintiff's] self-report and his subjective claims." *Id*. at 25. He added that "Moore-Littlefield is not an acceptable opinion source and her opinion is not consistent with the totality of the medical evidence of record." *Id*.

The plaintiff contends that the administrative law judge erroneously ignored the Moore-Littlefield opinion on two faulty bases: that (i) she was not "an acceptable opinion source," when SSR 06-03p makes clear that the opinions of non-acceptable medical sources must be considered, and (ii) her opinion reflected his self-reports, when Moore-Littlefield apparently credited only one subjective allegation, that he could not walk more than 500 feet. Statement of Errors at 14-15. She adds that the administrative law judge failed to acknowledge that Moore-Littlefield's opinion was consistent with that of Noftall, which she argues "should have resulted in the ALJ fully crediting" both opinions. *Id*. at 15. At oral argument, her counsel contended that the administrative law judge's failure to recognize that there were two separate opinions, with two separate dates and signatures from Moore-Littlefield and Noftall, in itself warranted remand. She asserted that it was obvious that an administrative law judge would need to know the source of an opinion, and the source's relationship to a claimant, before discounting it.

In her brief, the commissioner took the position that there was only one opinion, from Noftall, which both the administrative law judge and the plaintiff both wrongly attributed to Moore-Littlefield. *See* Opposition at 2. For that proposition, she cited the two duplicative copies of the Noftall functional evaluation. *See* Opposition at 2; Record at 390, 418. She contended that

9

the error in attributing the opinion to Moore-Littlefield was immaterial because SSR 06-03p would apply to opinions of either Noftall or Moore-Littlefield, neither of whom is an "acceptable medical source." Opposition at 3. She argued that the administrative law judge's handling of the opinion(s) passed muster pursuant to that ruling. *See id*. at 3-7.

At oral argument, counsel for the commissioner acknowledged that the record contains not only two copies of the Noftall functional evaluation but also the separate Moore-Littlefield letter. However, he indicated that the commissioner's position that there is only one "opinion" remains unchanged. He argued that, rather than expressing a separate "opinion," Moore-Littlefield referred to, incorporated by reference, and deferred to the opinion of Noftall.

While the administrative law judge mischaracterized one of the copies of the Noftall opinion and the Moore-Littlefield letter as Moore-Littlefield's "opinions," I agree with the commissioner that the error is immaterial.

First, Moore-Littlefield did indeed explicitly incorporate the Noftall opinion by reference. There is no indication that she conducted an independent evaluation of the plaintiff. *Compare* Record at 388-90, 416-18 *with id*. at 463-64. Even assuming that she meant to adopt the Noftall opinion as her own – creating what amounts to a "Noftall/Moore-Littlefield opinion" – she expressed no separate rationale for its adoption. *See id*. at 463-64. The administrative law judge, thus, addressed the entirety of the rationale given by Noftall and incorporated by reference by Moore-Littlefield.

Second, as the commissioner argues, *see* Opposition at 3-7, the administrative law judge's handling of the Noftall/Moore-Littlefield opinion passes muster pursuant to SSR 06-03p.

Neither Moore-Littlefield, a nurse practitioner, nor Noftall, a physical therapist, is an "acceptable medical source" for purposes of establishing the existence of a medically determinable

impairment. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). However, "[i]n addition to evidence from the acceptable medical sources listed in paragraph (a) . . ., [the commissioner] may also use evidence from other sources to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work." *Id.* §§ 404.1513(d), 416.913(d).

> SSR 06-03p provides, in relevant part:
>
> Since there is a requirement to consider all relevant evidence in an individual's case record, the case record should reflect the consideration of opinions from medical sources who are not "acceptable medical sources" and from "non-medical sources" who have seen the claimant in their professional capacity. Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-03p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2016), at 333.

While it would have been error simply to ignore the Noftall/Moore-Littlefield opinion on the basis that neither was an acceptable medical source, *see Alcantara v. Astrue*, 257 Fed. Appx. 333, 334-35 (1st Cir. 2007), the administrative law judge did not do so. Rather, he considered the opinion, discussed the weight he gave it, and explained why. *See* Record at 25. SSR 06-03p does not require more.

That is dispositive of the question of whether the administrative law judge's handling of the Noftall/Moore-Littlefield opinion passes muster pursuant to SSR 06-03p. However, even were it necessary to consider the merits of the administrative law judge's handling of that opinion, I find no error.

First, the administrative law judge did not err in giving little weight to the opinion in part on the basis that it came from a non-acceptable medical source. SSR 06-03p notes: "The fact that

a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source' because, as we previously indicated in the preamble to our regulations at 65 FR 34955, dated June 1, 2000, 'acceptable medical sources' 'are the most qualified health care professionals.'" SSR 06-03p at 332.

Second, the administrative law judge did not err in giving little weight to the opinion in part on the basis that it appeared to be predicated on the plaintiff's self-reports. The plaintiff acknowledges that Noftall apparently relied in part on his subjective report that he could only walk about 500 feet before developing low back and left leg pain. *See* Statement of Errors at 14.

However, Noftall also noted, under the heading "SUBJECTIVE":

> The [plaintiff] presents with B knee pain, low back pain, L ankle pain, neck pain, headaches, B hand numbness, and L LE pain. [He] is not currently working and reported that when he was working at a call center which was primarily sitting, he was unable to tolerate sitting >30 minutes at a time. The [plaintiff] also tried work in the mechanics field and was unable to complete all tasks and was laid off after 6 weeks of work.

Record at 389. Nowhere did Noftall indicate that she performed objective testing, *see id*. at 388-90, and Moore-Littlefield merely set forth Noftall's findings, *see id*. at 463-64. Even with respect to the opinion of an "acceptable medical source," the basing of that opinion predominantly on a claimant's subjective complaints constitutes a good reason to afford it less weight. *See, e.g., Desroches v. Colvin*, No. 2:14-cv-295-JHR, 2015 WL 1757127, at *5 (D. Me. Apr. 17, 2015).

Third, the plaintiff does not even argue that the administrative law judge erred in giving little weight to the opinion in part on the basis that it was inconsistent with the totality of the evidence of record. *See* Statement of Errors at 14-15. As the commissioner notes, *see* Opposition at 5, that inconsistent evidence included the February 13, 2013, report of agency examining consultant Renato Medrano, M.D., that the plaintiff could "do work related activities such as

sitting, standing, walking, handling objects, hearing, speaking, and traveling[,]" Record at 374, and the August 5, 2013, opinion of agency nonexamining consultant Carol Eckert, M.D., that he could stand and/or walk with normal breaks for a total of about six hours in an eight-hour workday and sit with normal breaks for a total of about eight hours in an eight hour workday, *see id*. at 94, 96.

Remand, accordingly, is not warranted on the basis of this point of error.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 11th day of June, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge